**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

v. CASES NO. 4:10cr70-RH/CAS
4:13cv195-RH/CAS

SHANE JONES,

Defendant.

_________________________________/

**ORDER DENYING THE § 2255 MOTION**

The defendant Shane Jones pleaded guilty, was sentenced, and appealed, challenging the sentence. The United States Court of Appeals for the Eleventh Circuit affirmed. Mr. Jones has moved for relief under 28 U.S.C. § 2255. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 170, and the objections, ECF No. 175. I have reviewed de novo the issues raised by the objections. This order accepts the report and recommendation, adopts it as the court's opinion (with the further explanation set out in this order), and denies the § 2255 motion.

I

Mr. Jones possessed with intent to distribute two parcels of cocaine, one consisting of 5.6 grams that he has always admitted was crack, and the other

consisting of 28 grams that he sometimes has said was not crack. The Drug Enforcement Administration laboratory tested both parcels and concluded they were "cocaine base"—that is, crack. In a letter to his attorney, Mr. Jones admitted the 28 gram parcel was cocaine base, but he contended that it needed to be reweighed—a contention Mr. Jones now has apparently abandoned.

After the offense, but before Mr. Jones entered a guilty plea, Congress adopted the Fair Sentencing Act. The Act increased from 5 to 28 grams the amount of crack that subjected a defendant to higher minimum and maximum sentences. But at the time of Mr. Jones's guilty plea, the Act had not been held to apply retroactively to offenses committed before its adoption.

During the plea colloquy, Mr. Jones admitted that the 5.6 gram parcel was crack, but he did not admit that the 28 gram parcel was crack. This was only a guideline issue if, as seemed likely at the time, the Fair Sentencing Act did not apply to offenses committed before its enactment. Before Mr. Jones was sentenced, the law changed.

In *United States v. Rojas*, 645 F.3d 1234 (11th Cir. 2011), the Eleventh Circuit held the Fair Sentencing Act's reduced minimum mandatory sentences applicable to sentences imposed after its adoption, even for offenses committed prior to the Act's adoption. The Supreme Court later reached the same result. *See Dorsey v. United States*, 132 S. Ct. 2321 (2012).

The applicability of the Fair Sentencing Act made it important whether Mr. Jones's 28 gram parcel was crack. For a defendant who, like Mr. Jones, had a prior drug conviction, the minimum sentence for an offense involving 28 grams of crack or more was 10 years, and the maximum was life. For an offense involving less than 28 grams, there was no minimum, and the maximum was 30 years.

Either way, Mr. Jones's prior drug convictions made him a career offender under United States Sentencing Guidelines Manual § 4B1.1 (2010). The drug-type issue nonetheless affected the guideline range. The career-offender base offense level was 37 for an offense with a maximum sentence of life but 34 for an offense with a maximum sentence of 25 years or more. *Id.* § 4B1.1(b). For Mr. Jones, who received a 3-level downward adjustment for acceptance of responsibility, this meant the guideline range was 262 to 327 months if the 28 gram parcel was crack, but 188 to 235 months if the 28 gram parcel was not crack.

At sentencing, Mr. Jones's attorney admitted that the 28 gram parcel was crack. No contention was made that the indictment—which, in light of the law of the circuit at the time, charged that the offense involved 5 grams or more—was insufficient to charge an offense involving 28 grams or more. The minimum mandatory sentence was 10 years. Mr. Jones did not assert the contrary. The guideline range was 262 to 327 months. But I sentenced Mr. Jones to only 120

months, the minimum mandatory, explaining that the career-offender treatment overstated the seriousness of Mr. Jones's actual criminal history.

Mr. Jones challenged the sentence on appeal, asserting, among other things, that he did not admit, and the district court did not find, that the offense involved 28 grams of crack or more. The Eleventh Circuit rejected the argument, concluding that Mr. Jones had admitted that the offense involved 33.6 grams of crack and that the minimum mandatory sentence thus was 10 years. The court affirmed the conviction and sentence.

II

Mr. Jones now says his trial and appellate attorneys rendered ineffective assistance. Quite the contrary. The trial attorney obtained an excellent result. Taking a different approach would not have made the sentence better and might have made it worse.

In the face of the Drug Enforcement Administration lab report, the likelihood of a successful challenge to the treatment of the 28 grams as crack was low. Mr. Jones's trial attorney considered having the parcel tested again but made the strategic decision not to do so. His belief was that the likelihood of improving the outcome through a new test was low and that doing so might imperil Mr. Jones's guideline adjustment for acceptance of responsibility. Especially in light

of Mr. Jones's prior admission that the substance was cocaine base, the strategic decision was reasonable.

Challenging the indictment's reference to 5 grams rather than 28 would have served no purpose. The government could easily have obtained a new indictment. And while a defendant may put the government through its paces and doing so probably would not have changed the sentence, at some point a defendant's insistence on unnecessary steps may have an effect. Sometimes it is good strategy to let an issue go. Or so an attorney might reasonably believe.

The strategy seems to have worked here. Mr. Jones faced a guideline range of 262 to 327 months but was sentenced to only 120 months. That was the lowest possible sentence for an offense involving at least 28 grams of crack. The likelihood that the government would have been unable to obtain an indictment charging Mr. Jones with such an offense was about zero. And the likelihood that Mr. Jones could have successfully challenged the treatment of the 28 grams as crack was also very low. Going forward as was done was good lawyering, not ineffective assistance.

III

Under the line of decisions beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the government had the burden to prove beyond a reasonable doubt that Mr. Jones's offense involved crack in the amount of 28 grams or more. But

Mr. Jones admitted that fact, as the Eleventh Circuit squarely held on the direct appeal. The *Apprendi* principle does not require the government to prove a fact that a defendant admits.

IV

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Jones has not made the required showing. This order thus denies a certificate of appealability.

V

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1. The report and recommendation, ECF No. 170, is ACCEPTED.

2. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED."

3. A certificate of appealability is DENIED.

SO ORDERED on November 9, 2015.

s/Robert L. Hinkle
United States District Judge